E-FILED
Friday, 14 February, 2020 12:34:34 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| ALCAST COMPANY, BRIAN HOLT, and STEPHEN WESSELS, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Twin City Fire Insurance Company ("Twin City"), by its attorneys, Michael J. Duffy, James K. Thurston, and Mark J. Sliwinski of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants, Alcast Company ("Alcast"), Brian Holt ("Holt"), and Stephen Wessels ("Wessels"), states as follows:

### STATEMENT OF THE CASE

1. This action seeks a declaration Twin City does not owe Alcast, Holt, and Wessels any duty to defend or indemnify in connection with the adversary proceeding styled as *Sarah L. Little, Chapter 7 Trustee for Pacific Steel Casting Company LLC v. Speyside Fund, LLC, et al.*, Case No.: 19-04057, in the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Adversary Proceeding").

### PARTIES

2. Twin City is an insurance company formed under the laws of the State of Indiana with its principal place of business in Connecticut. Twin City conducts business in Illinois and within the geographical boundaries of this District.

2845436v.1

3. Alcast is a corporation formed under the laws of the State of Illinois with its principal place of business in Illinois. Alcast conducts business in Illinois and within the geographical boundaries of this District.

4. Holt is an officer of Alcast and a citizen of the State of Illinois.

5. Wessels is the President of Alcast and a citizen of the State of Illinois.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns coverage under an insurance policy issued to Alcast in this District and the parties conduct business in this District.

## FACTS

8. On November 4, 2019, Sarah L. Little, the duly authorized and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Pacific Steel Casting Company LLC ("Debtor") filed a Complaint in the Adversary Proceeding against several parties, including Alcast, Holt, and Wessels, asserting the following claims: (i) Illegal Distributions; (ii) Breach of Fiduciary Duty; (iii) Aiding and Abetting Breach of Fiduciary Duty; (iv) Equitable Subordination; (v) Avoidance of Two Year Fraudulent Transfers (Actual Intent); (vi) Avoidance of Two Year Fraudulent Transfers (Constructive Fraud); (vii) Avoidance of Four Year Fraudulent Transfers (Actual Intent); (viii) Avoidance of Four Year Fraudulent Transfers (Constructive Fraud); (ix) Avoidance of Seven Year Fraudulent Transfers (Actual Intent); (x) Avoidance of Preferential Transfers; (xi) Recovery

2845436v.1

of Avoided Transfers; (xii) Declaratory Relief; and (xiii) Claim Disallowance. A copy of the Complaint in the Adversary Proceeding is attached hereto as Exhibit A.

9. Twin City issued a Private Choice Premier Policy to Alcast bearing Policy Number 36 KB 0296823-19 effective from June 30, 2019 to June 30, 2020 (the "Policy"). A copy of the Policy is attached hereto as Exhibit B.

10. The Policy provides, in part, as follows:

### PRIVATE CHOICE PREMIER POLICY
### COMMON TERMS AND CONDITIONS

\* \* \*

In consideration of the payment of the premium, the Insurer and the Insureds agree as follows:

\* \* \*

**II.  COMMON DEFINITIONS**

The following terms, whether used in the singular or plural, shall have the meanings specified below:

\* \* \*

- **"Claim"** shall have the meaning specified for such term in each Coverage Part.

\* \* \*

- **"Damages"** shall have the meaning specified for such term in each Coverage Part.

\* \* \*

- **"Defense Costs"** means:

  (1) Reasonable legal fees and expenses incurred in the defense or appeal of a **Claim**;
  (2) **Extradition Costs**; or

3

>   **(3)** The costs of appeal, attachment or similar bonds, provided that the Insurer shall have no obligation to furnish such bonds.
>
>   However, **Defense Costs** shall not include:
>
>   **(a)** salaries, wages, remuneration, overhead or benefit expenses associated with any **Insureds** or the Insurer;
>   **(b)** any fees, expenses or costs which are incurred by or on behalf of a party which is not a covered **Insured**; or
>   **(c)** any fees, expenses or costs which were incurred prior to the date on which the Insurer received written notice of **Claim** from the **Insured**.[1]

                        *      *      *

- **"Employee"** means any natural person who was, is or shall become a(n):

  **(1)** Employee of an **Insured Entity** including any full time, part time, seasonal, temporary, leased, or loaned employee; or
  **(2)** Volunteer or intern with an **Insured Entity**.

  However, this definition of **Employee** shall hereby expressly not apply for purposes of the **Non-Liability Coverage Parts**.

                        *      *      *

- **"Insured Entity"** means:

  **(1)** The **Named Entity**; or
  **(2)** Any **Subsidiary**.

  **Insured Entity** shall include any such entity as a **Debtor in Possession.**

  **Insured Entity** shall also include any such entity in its capacity as a general partner of a **Controlled Partnership**.

- **"Insured Person"** shall have the meaning specified for such term in each Coverage Part.

---

[1] Pursuant to Endorsement No. 19

4

2845436v.1

- **"Insureds"** shall have the meaning specified for such term in each Coverage Part.

                            *   *   *

- **"Loss"** means **Defense Costs** and **Damages**.

- **"Manager"** means any natural person who was, is or shall become a(n):

    **(1)** Duly elected or appointed director, advisory director, board observer, advisory board member, officer, member of the board of managers or management committee member of an **Insured Entity**;
    **(2) Employee** in his/her capacity as legal counsel to an **Insured Entity**; or
    **(3)** Executive of an **Insured Entity** created outside the U.S. to the extent that such executive holds a position equivalent to those described in (1) or (2) above.

    However, this definition of **Manager** shall hereby expressly not apply for the purposes of the Kidnap and Ransom/Extortion Coverage Part.

- **"Named Entity"** means the entity named in ITEM 1 of the Declarations.

                            *   *   *

- **"Wrongful Act"** shall have the meaning specified for such term in each Coverage Part.

                            *   *   *

**PRIVATE CHOICE PREMIER POLICY**

**DIRECTORS, OFFICERS AND ENTITY LIABILITY COVERAGE PART**

**I. INSURING AGREEMENTS**

   **(A) Insured Person Liability**

   The Insurer shall pay **Loss** on behalf of the **Insured Persons** resulting from an **Insured Person Claim** first made against the **Insured Persons** during the **Policy Period** or Extended

5

2845436v.1

Reporting Period, if applicable, for a **Wrongful Act** by the **Insured Persons**, except for **Loss** that an **Insured Entity** pays to or on behalf of the **Insured Persons** as indemnification.

**(B) Corporate Reimbursement**

The Insurer shall pay **Loss** on behalf of an **Insured Entity** that such **Insured Entity** has, to the extent permitted or required by law, indemnified the **Insured Persons** resulting from an **Insured Person Claim** first made against the **Insured Persons** during the **Policy Period** or Extended Reporting Period, if applicable, for a **Wrongful Act** by the **Insured Persons**.

**(C) Entity Liability (Elective)**

If Entity Liability Coverage is included in ITEM 5 of the Declarations, the Insurer shall pay **Loss** on behalf of an **Insured Entity** resulting from an **Entity Claim** first made against such **Insured Entity** during the **Policy Period** or Extended Reporting Period, if applicable, for a **Wrongful Act** by an **Insured Entity.**

This Insuring Agreement shall be subject to the Entity Liability Coverage Retention and Prior or Pending Date in ITEM 5 of the Declarations.

\* \* \*

## II. DEFINITIONS

The following terms, whether used in the singular or plural, shall have the meanings specified below:

- "Claim" means any:

    (1) **Insured Person Claim;**
    (2) **Entity Claim;**
    (3) **Derivative Demand.**

- "Damages" means the amounts, other than **Defense Costs**, that the **Insureds** are legally liable to pay solely as a result of a **Claim** covered by this **Liability Coverage Part**, including:

6

2845436v.1

(1) Compensatory damages;
(2) Settlement amounts;
(3) Pre- and post-judgment interest;
(4) Costs awarded pursuant to judgments;
(5) Regarding Insuring Agreement (D), **Investigation Costs**;
(6) Punitive and exemplary damages;
(7) The multiple portion of any multiplied damage award; or
(8) Where permissible by law, and notwithstanding sub-paragraph (a) below, civil penalties assessed against any **Insured Person** pursuant to Section 2(g)(2)(B) of the Foreign Corrupt Practices Act (15 U.S.C. §§ 78dd-2(g)(2)(B).

However, **Damages** shall not include:

(a) Taxes, fines or penalties imposed by law, including, without limitation, **Data Privacy Regulatory Expenses**;
(b) Non-monetary relief;
(c) Any other matters uninsurable pursuant to any applicable law; provided, however, that with respect to punitive and exemplary damages, or the multiple portion of any multiplied damage award, the insurability of such damages shall be governed by the internal laws of any applicable jurisdiction that most favors coverage of such damages; or
(d) **Notification and Credit Monitoring Expenses.**
(e) Costs incurred in testing for, abating, monitoring, cleaning-up, removing, containing, treating, detoxing or neutralizing **Pollutants**, nuclear material or nuclear waste.

With respect to the insurability of punitive or exemplary damages in the state of Illinois, **Damages** does not include coverage for punitive or exemplary damages assessed as a result of the **Insured's** own misconduct. However, the Insurer shall pay **Defense Costs** for punitive and/or exemplary damages, which are incurred solely as a result of a **Claim** involving both (i) punitive and/or exemplary damages and (ii) compensatory damages.

Pre- or post-judgment interest will not reduce the Limit of Liability.[2]

---

[2] Added via Endorsement No. 21

2845436v.1

&ast; &ast; &ast;

- **"Entity Claim"** means any:

    **(1)** Written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand;
    **(2)** Civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading; or
    **(3)** Criminal proceeding commenced by the return of an indictment, or formal administrative or regulatory proceeding commenced by the filing of a notice of charges, or similar document;

    Against an **Insured Entity**.

    **Entity Claim** also means a written request to an **Insured Entity** to toll or waive the statute of limitations regarding a potential **Entity Claim** as described above. Such **Claim** shall be commenced by the receipt of such request.

    **Entity Claim** also means any formal administrative or regulatory proceeding against an **Insured Entity**, commenced by the filing of a notice of charges, or similar document, but only while such proceeding is also pending against an **Insured Person**.[3]

- **"Insured Person"** means any:

    **(1) Manager**; or
    **(2) Employee.**

- Solely for the Directors, Officers and Entity Liability Coverage Part, **Manager** also means any "**Independent Contractor**", but only:

    (a) While she/he is acting on behalf of an **Insured Entity**; and
    (b) If and to the extent that the **Insured Entity** agrees to indemnify her/him in the same manner as the **Insured Entity's Managers** for liability for **Loss**.[4]

---

[3] Added via Endorsement No. 10
[4] Added via Endorsement No. 9

8

2845436v.1

- **"Independent Contractor"** means any natural person working in the capacity of an independent contractor pursuant to an **Independent Contractor Agreement**.[5]

- **"Independent Contractor Agreement"** means any express contract or agreement between an **Independent Contractor** and an **Insured Entity** specifying the terms of the **Insured Entity's** engagement of such **Independent Contractor**.[6]

- **"Insured Person Claim"** means any:

    (1) Written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand against an **Insured Person**;
    (2) Civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading against an **Insured Person**; or
    (3) Criminal proceeding commenced by the return of an indictment, or formal administrative or regulatory proceeding commenced by the filing of a notice of charges, or similar document against an **Insured Person**; or
    (4) Formal civil, criminal, administrative or regulatory investigation of an **Insured Person** in which such **Insured Person** is being investigated pursuant to a Wells Notice, target letter (within the meaning of Title 9 § 11.151 of the U.S. Attorney's Manual), subpoena or similar document, as someone against whom a proceeding as set forth above may be brought.

    **Insured Person Claim** also means a written request to an **Insured Person** to toll or waive the statute of limitations regarding a potential **Insured Person Claim** as described above. Such **Claim** shall be commenced by the receipt of such request.

    Solely with regard to coverage provided under Insuring Agreement A, **"Insured Person Claim"** also means the service of a subpoena or other similar written request upon an **Insured Person** requiring the **Insured Person** to provide testimony or documents in connection with a covered

---

[5] Added via Endorsement No. 9
[6] Added via Endorsement No. 9

9

**Claim**. However, in such situation the Insurer shall pay **Defense Costs** which are incurred solely by the **Insured Person** who receives such subpoena or written request.

- "**Insured(s)**" means any:

  **(1) Insured Entity**; or
  **(2) Insured Person.**

  \*   \*   \*

- "**Outside Capacity**" means service by an **Insured Person** as a director, officer, trustee, regent, governor or equivalent executive of an **Outside Entity** with the knowledge and consent of or at the request of an **Insured Entity**.

- "**Outside Entity**" means any:

  **(1)** Not-for-profit corporation, community chest, fund or foundation that is exempt from federal income tax as an organization described in Section 501(c)(3), 501(c)(4), 501(c)(7), & 501(c)(10) of the Internal Revenue Code of 1986,
  **(2)** Entity organized for a religious or charitable purpose under any not-for-profit statute, or
  **(3)** Entity listed as an **Outside Entity** in a written endorsement issued by the Insurer to form a part of this Policy,

  That is not an **Insured Entity**.

  \*   \*   \*

- "**Wrongful Act**" means any actual or alleged:

  **(1)** Error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed by an **Insured Person** in their capacity as such or in their **Outside Capacity**, or, with regard to Insuring Agreement (C) an **Insured Entity**; or
  **(2)** Matter claimed against an **Insured Person**, solely by reason of their serving in such capacity, including service in an **Outside Capacity**.

  **Wrongful Act** also includes a **Legal Services Wrongful Act**, which is only covered if elected on the Declarations.

\* \* \*

## IV. EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS

The Insurer shall not pay **Loss**:

\* \* \*

**(H)** of an **Insured Person** based upon, arising from, or in any way related to such **Insured Person's** service, at any time, as a director, officer, trustee, regent, governor or equivalent executive or as an employee of an entity other than an **Insured Entity** even if such service is at the direction or request of such **Insured Entity**, provided that this exclusion shall not apply to coverage afforded under Section III. of this **Liability Coverage Part** for a **Claim** for a **Wrongful Act** by an **Insured Person** while serving in an **Outside Capacity**;

\* \* \*

**(K)** of an **Insured**, based upon, arising from, or in any way related to the gaining of any personal financial profit, remuneration or advantage to which such **Insured** is not legally entitled if a judgment or other non-appealable final adjudication in the underlying action establishes that such a gain did occur; or

**(L)** of an **Insured**, based upon, arising from, or in any way related to any criminal or deliberately fraudulent act or omission or any willful violation of law by such **Insured** if a judgment or other non-appealable final adjudication in the underlying action establishes such an act, omission or violation; provided, however, that this exclusion shall only apply to the **Insured Entities** under Insuring Agreement (C), if elected, if a past or present chief executive officer, chief financial officer, general counsel or any position equivalent to the foregoing of the **Named Entity** committed such an act, omission or willful violation.

Regarding exclusions (K) and (L) above: The **Wrongful Act** of an **Insured** shall not be imputed to any other **Insured**.

\* \* \*

2845436v.1

## V. EXCLUSIONS APPLICABLE TO INSURING AGREEMENT (C)

(A) The Insurer shall not pay **Loss** under Insuring Agreement (C) in connection with any **Claim** based upon, arising from, or in any way related to any actual or alleged:

(1) Liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement. However, this exclusion shall not apply to the portion of **Loss** directly resulting from: (i) a civil proceeding brought by a security holder of an **Insured Entity**, in their capacity as such, that is brought and maintained without the solicitation, assistance, or active participation of any **Insured Entity** or **Manager**; or (ii) a **Derivative Action** or a **Derivative Demand**;

\* \* \*

11. Debtor, Pacific Steel Casting Company LLC, is not an **Insured** under the Policy.

12. On November 25, 2019, Alcast, Holt, and Wessels demanded that Twin City defend and indemnify them in the Adversary Proceeding under the Policy.

13. Twin City denies it owes Alcast, Holt, and Wessels any defense or indemnity obligation with respect to the claims and issues in the Adversary Proceeding under the Policy.

14. An actual and justiciable controversy exists between Twin City, on the one hand, and Alcast, Holt, and Wessels, on the other hand, as to the availability of insurance coverage for the Adversary Proceeding under the Policy, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

### COUNT I
### Holt And Wessels Did Not Commit Wrongdoing In Their Capacity As Alcast Officers

15. Twin City incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

16. Subject to all of its terms, the Policy affords coverage for **Wrongful Acts** committed by **Insured Persons,** with **Wrongful Act** being defined, in part, as an "error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed by an **Insured Person** in their capacity as such."

17. The Adversary Proceeding asserts Holt and Wessels are Managers of the Debtor and concerns wrongdoing committed by Holt and Wessels in their capacity as Managers of the Debtor, not in their capacity as officers of Alcast.

18. Therefore, Twin City does not owe defense or indemnity obligations to Holt or Wessels under the Policy with respect to the Adversary Proceeding.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Twin City owes no duty to defend or indemnify Holt or Wessels under the Policy for the claims in the Adversary Proceeding; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT II
### The Other Capacity Exclusion Bars Coverage For Holt And Wessels

19. Twin City incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

20. Subject to all of its terms, the Policy provides that Twin City "shall not pay **Loss** of an **Insured Person** based upon, arising from, or in any way related to such **Insured Person's** service, at any time, as a director, officer, trustee, regent, governor or equivalent executive or as an employee of an entity other than an **Insured Entity** even if such service is at the direction or request of such **Insured Entity**, provided that this exclusion shall not apply to coverage afforded

2845436v.1

under Section III. of this **Liability Coverage Part** for a **Claim** for a **Wrongful Act** by an **Insured Person** while serving in an **Outside Capacity**."

21.  The Adversary Proceeding asserts Holt and Wessels are Managers of the Debtor and concerns wrongdoing committed by Holt and Wessels as Managers of the Debtor.

22.  As such, Twin City does not owe defense or indemnity obligations to Holt or Wessels under the Policy with respect to the Adversary Proceeding.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A.  A declaration finding that Twin City owes no duty to defend or indemnify Holt or Wessels under the Policy for the claims in the Adversary Proceeding; and

B.  For all such just and equitable relief, including costs of this suit.

## COUNT III
### Disgorgement, Restitution, and Punitive/Exemplary Damages Are Not Covered Damages

23.  Twin City incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

24.  Subject to all of its terms, the Policy provides coverage for **Loss**, which includes **Defense Costs** and **Damages.**

25.  The Policy defines **Damages**, in part, as "amounts, other than **Defense Costs**, that the **Insureds** are legally liable to pay solely as a result of a **Claim** covered by this **Liability Coverage Part** . . . not includ[ing] . . . matters uninsurable pursuant to any applicable law."

26.  The Policy's definition of **Damages**, in part, also states "with respect to the insurability of punitive or exemplary damages in the state of Illinois, **Damages** does not include coverage for punitive or exemplary damages."

27. The disgorgement and restitutionary damages sought by the Trustee on behalf of the Debtor in the Adversary Proceeding are uninsurable and do not qualify as **Damages**.

28. The punitive and exemplary damages sought by the Trustee on behalf of the Debtor in the Adversary Proceeding are explicitly excluded from the **Damages** definition and are otherwise uninsurable as a matter of public policy.

29. Consequently, Twin City has no duty to indemnify Alcast, Holt, or Wessels under the Policy for any disgorgement, restitutionary, punitive, and/or exemplary damages sought in the Adversary Proceeding.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Twin City has no duty to indemnify Alcast, Holt, or Wessels as respects the damages sought in the Adversary Proceeding; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT IV
### The Personal Profit Exclusion Bars Coverage For Alcast, Holt, And Wessels

30. Twin City incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

31. Subject to all of its terms, the Policy provides that Twin City "shall not pay **Loss** of an **Insured** based upon, arising from, or in any way related to the gaining of any personal financial profit, remuneration or advantage to which such **Insured** is not legally entitled if a judgment or other non-appealable final adjudication in the underlying action establishes that such a gain did occur."

32. The Adversary Proceeding alleges Alcast, Holt, and Wessels gained a personal financial profit, remuneration, or advantage which they were not legally entitled.

15

33. Accordingly, in the event a judgment or other non-appealable final adjudication in the Adversary Proceeding establishes such a gain occurred, Twin City will have no duty to indemnify Alcast, Holt, or Wessels under the Policy for said judgment.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Twin City owes no duty to indemnify Alcast, Holt, or Wessels under the Policy for the claims in the Adversary Proceeding; and

B. For all such just and equitable relief, including costs of this suit.

### COUNT V
### The Fraud Exclusion Bars Coverage For Alcast, Holt, And Wessels

34. Twin City incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

35. Subject to all of its terms, the Policy provides that Twin City "shall not pay **Loss** of an **Insured**, based upon, arising from, or in any way related to any criminal or deliberately fraudulent act or omission or any willful violation of law by such **Insured** if a judgment or other non-appealable final adjudication in the underlying action establishes such an act, omission or violation."

36. The Adversary Proceeding alleges Holt and Wessels engaged in fraudulent activity.

37. As such, in the event a judgment or other non-appealable final adjudication in the Adversary Proceeding establishes Holt or Wessels actually engaged in fraudulent activity, Twin City will have no duty to indemnify Alcast, Holt, or Wessels under the Policy for said judgment.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A.  A declaration finding that Twin City owes no duty to indemnify Alcast, Holt, or Wessels under the Policy for the claims in the Adversary Proceeding; and

B.  For all such just and equitable relief, including costs of this suit.

### COUNT VI
### The Contractual Liability Exclusion Bars Coverage For Alcast

38. Twin City incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

39. Subject to all of its terms, the Policy provides that Twin City "shall not pay **Loss** under Insuring Agreement (C) in connection with any **Claim** based upon, arising from, or in any way related to any actual or alleged liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement."

40. The Adversary Proceeding concerns Alcast's contractual obligations.

41. Therefore, Twin City does not owe defense or indemnity obligations to Alcast under the Policy with respect to the Adversary Proceeding.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A.  A declaration finding that Twin City owes no duty to defend or indemnify Alcast under the Policy for the claims in the Adversary Proceeding; and

B.  For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ Michael J. Duffy
    One of the Attorneys for Twin City Fire Insurance Company

Michael J. Duffy (6196669) – michael.duffy@wilsonelser.com
James K. Thurston (6202021) – james.thurston@wilsonelser.com
(Application for Admission to the Central District of Illinois to be submitted)
Mark J. Sliwinski (6314019) – mark.sliwinski@wilsonelser.com
(Application for Admission to the Central District of Illinois to be submitted)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2845436v.1