IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )  Case No. 20-cv-1065-JES-JEH |
| | ) |
| ALCAST COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER AND OPINION

On November 28, 2022, the Court conducted a bench trial of Plaintiff, Twin City Fire Insurance Company's, ("Twin City"), request for a declaratory ruling that it had no obligation to indemnify or defend its insured Alcast Company ("Alcast"), in a bankruptcy proceeding, *Sarah L. Little, Chapter 7 Trustee for Pacific Steel Casting Co., LLC, v. Speyside Fund, LLC, et al.*, ("Pacific Steel"), No. 19-04057 (N.D. Cal. Nov. 4, 2019). On April 27, 2023, the Court issued its Order and Opinion, finding, in pertinent part, that Twin City was obligated to pay the legal fees of Jenner & Block, the law firm representing Alcast and 12 of the 13 defendants. It determined that Twin City was to pay 100% of the attorney's fees which benefitted Alcast alone, and an allocated 37.91% share of the attorney's fees which benefitted both Alcast and the other co-represented Defendants, subject to the policy limits.

Defendant Alcast now files a Motion for Entry of Monetary Judgement (Doc. 101), seeking an Order directing Twin City to reimburse it for the attorney's fees it has advanced. Alcast explains that it did not initially seek specific money damages in its counterclaim for declaratory judgment, as the underlying adversary proceeding was in the "early stages" and the damages were uncertain. (Doc. 102 at 3) (Doc. 42 at 30). Alcast claims that it has since made demand for payment and Twin City has refused. Twin City has filed a Response in Opposition

(Doc. 104) and, with leave of court, Alcast has filed a Reply (Doc. 106). For the reasons indicated herein, Alcast's Motion for Entry of Monetary Judgement is GRANTED.

## BACKGROUND

Alcast and 12 other Defendants in the adversary bankruptcy proceeding are all represented by the Jenner & Block law firm. Alcast and co-defendant Speyside Fund, LLC, ("Speyside") each has a 41.65% ownership[1] interest in New Pacific Steel, the subject of the bankruptcy proceeding, with several individual co-defendants having a membership interest in the remainder. Alcast and Speyside had agreed to fund payment of the Jenner & Block fees on a 50/50 basis by placing funds into an escrow account subject to reimbursement by their respective insurers. Under the agreement, the Jenner invoices were submitted to Speyside which directed the payments. At all relevant times, Twin City defended Alcast subject to a reservation of rights, having recommended that Alcast obtain its own counsel.

At trial, it was undisputed that the attorney's fees totaled $6,994,778.43 with $6,644,048.43 attributable to the defense of Alcast alone or the combined defense of Alcast and others. *See* (Doc. 102-1). While Twin City does not dispute these figures, it has and continues to dispute its liability for the attorney's fees. Twin City claims that as the invoices were directed to Speyside, it is Speyside, not Alcast, which was responsible for the fees. As Speyside is not a Twin City's insured, there is no recoverable "Loss" under the policy. The Court disagreed, and in its December 13, 2021 Summary Judgment Order (Doc. 78), and April 27, 2023 bench trial Order, found Twin City liable for Alcast's attorney's fees.

After determining liability, the Court was required to determine how to allocate the attorney's fees which arose from the joint representation and were not easily apportioned. In an

---

[1] *See* uncontroverted trial testimony of Alcast President, Steven Wessels.

apparent case of first impression, the Court found that there was to be a 37.91% allocation to Alcast for those fees which benefitted Alcast in combination with the co-defendants. This figure was based on Alcast's "legal exposure," premised on its ownership percentage of New Pacific Steel. As Alcast notes, 37.91% of $6,644,048.43, the attorney's fees attributable to Alcast both alone and as co-represented, amounts to $2,518,758.76. Twin City has reimbursed $460,080.07 of this amount through May 1, 2023, with Alcast requesting an additional $1,539,919.93, which will exhaust the $2,000,000 policy limits.

Twin City had filed a Notice of Appeal on May 26, 2023, and asserts that until the appellate court rules, "there is no basis to enter a monetary judgment in favor of Alcast, as this affirmative relief for Alcast is not, nor has it ever been, before this Court." (Doc. 104 at 1). Twin City claims that it, not Alcast, moved for declaratory relief and the fact that Twin City has been denied it does not mean that Alcast is entitled to relief it never requested. Lastly, Twin City reasserts its prior argument that the Jenner bills are not a covered "Loss" as they were directed to Speyside, a non-insured. As noted, this argument was denied in the Court's two prior orders and is given no further consideration.

### STANDARD

The Declaratory Judgment Act allows for "further necessary or proper relief . . . after reasonable notice and a hearing, against an adverse party whose rights have been determined by such judgment." *7421 W. 100th Place Corp. v. Vill. of Broadview*, No. 13-4336, 2016 WL 5373062, at *5 (N.D. Ill. Sept. 26, 2016). "While it 'is not the primary function of the court in a declaratory judgment proceeding to award damages,' it is 'well settled that further relief' may include an award for damages." *Id*. (citing *Sec. Ins. Co. of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956); *Beacon Const. Co. v. Matco Elec. Co.*, 521 F.2d 392, 400 (2d Cir. 1975)).

*See Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 773 (1st Cir. 1994) (finding that § 2202 authorizes "a district court to grant additional relief consistent with the underlying declaration even though the right to the relief may arise long after the court has entered its declaratory judgment.") (internal citation omitted).

## DISCUSSION

Twin City claims that there is "no basis" for a ruling on the Motion to Enforce until there is a decision by the appellate court. Twin City has not requested a stay of the matter and, other than claiming that the non-movant Alcast is not entitled to relief, does not indicate why this matter should not be decided now. It is recognized that under the Declaratory Judgment Act, 28 U.S.C. § 2202, a court has the inherent authority to enforce its judgments. *Lewitton v. ITA Software, Inc.*, No. 07-4210, 2010 WL 4930851, at *6 (N.D. Ill. Nov. 30, 2010), *modified in part*, No. 07-42102, 2011 WL 222553 (N.D. Ill. Jan. 24, 2011) (noting that after declaratory judgment, a court may order further relief as necessary "to protect and effectuate its previous judgment."). A court may move to enforce its order even while an appeal is pending. *See Horn & Hardart Co. v. National Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988) (finding that a district court does not lose jurisdiction during the appeal of its declaratory judgment ruling).

The Court sees no reason to delay ruling, particularly where it is based on Alcast allegedly not being entitled to relief because it is not the moving party. While Twin City makes the claim, it does not particularly support it, merely pointing out that in the cases cited by Alcast, declaratory relief issued to the moving party plaintiff, not the defendant. The Court gives this little effect, however, where Twin City does not cite any cases which hold that a declaratory judgment is enforceable only if entered on behalf of the plaintiff movant, rather than the defendant.

All this aside, Alcast points out that it has requested declaratory relief, referring to its Answer to the Second Amended Complaint, Affirmative Defenses and Counterclaim (Doc. 45). There, it requested:

> [T]hat the Court enter (1) a declaration finding that Twin City owes a duty to defend Alcast under the Policy for the claims asserted in the Adversary Proceeding; (2) a declaration finding that Twin City must pay all reasonable legal fees and expenses incurred in Alcast's defense even if the legal services simultaneously benefit one of Alcast's co-defendants; and (3) an order awarding Defendants their costs and interest, as well as their attorneys' fees in this suit.

*Id*. at 31. The Court finds that Alcast has requested declaratory relief as evidenced in its Answer and Counterclaim and, even if it had not done so, the matter would be ripe for review.

## CONCLUSION

Pursuant to Alcast's Motion for Entry of Monetary Judgment, the Court hereby affirms its April 27, 2023 Order on Declaratory Judgment, and makes a monetary award to Alcast of $1,539,919.93, the remainder of the policy limits, which reflects a credit to Twin City of the $460,080.07 it has previously paid.

**IT IS THEREFORE ORDERED:**

Alcast's Motion for Entry of Monetary Judgement (Doc. 101), in the amount of $1,539,919.93 is GRANTED.

Entered this 15th day of August 2023.

                                                    s/ James E. Shadid
                                                    JAMES E. SHADID
                                        UNITED STATES DISTRICT JUDGE